### Helen WHEELER

v.

### TRAVELERS INSURANCE COMPANY.

#### Civ. A. No. 84–2569.

United States District Court,
E.D. Pennsylvania.

May 20, 1993.

---

Morris M. Shuster, William D. Marvin, Shuster and Marvin, Bala Cynwyd, PA, for plaintiff.

Charles W. Craven, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, for defendant.

## MEMORANDUM

O'NEILL, District Judge.

In this action, the parties have filed cross-motions for summary judgment and a stipulation of facts.

In the Omnibus Reconciliation Act of 1980 (ORA), Congress amended the Medicare Act to provide that benefits would not be available thereunder when an individual's medical expenses could be paid under an automobile insurance policy. On the present motions, the question for resolution is whether, as plaintiff contends, Medicare coverage became secondary to benefits due under such policies on December 5, 1980, the effective date of ORA, or, as defendant contends, on June 6, 1983, the effective date of regulations promulgated pursuant to ORA.

On November 16, 1982, plaintiff sustained injuries when she was struck by a motor vehicle while attempting to cross the street. Prior to and on that date she was enrolled in the federal program of health insurance known as Medicare, established pursuant to 42 U.S.C. § 1395a *et seq.* Prior to the same date, defendant had issued an automobile insurance policy which provided benefits for the injuries sustained by plaintiff. Plaintiff underwent medical, diagnostic and rehabilitative treatment from health care providers who were accredited and participating providers under Medicare and whose reasonable and necessary charges were in the total amount of $27,125.66. All of the services of the providers were rendered on or after November 16, 1982, and on or before June 6, 1983. Defendant refused to and did not pay no-fault benefits to plaintiff for those expenses which were paid by Medicare. In this action, plaintiff seeks a judgment of $21,947.15, the amount of the medical expenses which were not paid by defendant and were paid by Medicare, plus interest at the rate of 18%[1] and attorneys fees.[2]

Defendant asserts:

1. Medicare benefits did not become secondary to private insurance until June 6, 1983, the effective date of the ORA regulations.

2. Plaintiff lacks standing to bring this action because she has not been aggrieved by defendant's alleged wrongful failure to pay no-fault benefits: she has received the medi-

---

1. Pursuant to Section 106(a)(2) of the No–Fault Act. In its briefs, defendant does not contend that this interest rate is improper.

2. Although the complaint sought attorneys fees, that claim is not now asserted by plaintiff.

cal expense benefits for which she sues because Medicare has paid them.

3. Plaintiff is not the real party in interest because she cannot prevent defendant from being subjected to a claim by the United States for the monies paid by Medicare.

In a recent, carefully considered opinion in five related cases authored by the Honorable Phyllis W. Beck, the Superior Court of Pennsylvania has resolved these questions against the insurers who were defendants therein.[3]

 I agree with and adopt Judge Beck's analysis and conclusions and have nothing to add.

Defendant asserts that I am not free to follow the reasoning of the Superior Court in *Collins* because I am bound by the decision of the Court of Appeals in *Colonial Penn Ins. Co. v. Heckler*, 721 F.2d 431 (3d Cir. 1983). Defendant says that *Colonial Penn* holds that insurers are not liable for services rendered on or prior to June 6, 1983, to individuals eligible for Medicare. I do not agree.

In *Colonial Penn*, plaintiff insurer sought an injunction and declaratory relief against application by the Secretary of Health and Human Services of the regulations implementing ORA to pre-existing contracts. The Court's discussion of the merits of that case begins at 721 F.2d at 440. The only question presented for decision was whether the ORA regulations were invalid as applied to pre-existing contracts. Colonial Penn made two arguments in support of its claim of invalidity: "first, the regulations are retroactive and thus inconsistent with the statute; and second, application of the regulation [sic] to pre-existing contracts violates the fifth amendment." *Id.* (footnote omitted).

With respect to the first argument, the Court held that the regulations applied to services required because of accidents occurring after December 5, 1980, and that the regulations "conform to the plain language of the statute. Thus, we reject the contention that they are contrary to the intent of Congress or the language of section 1395y(b)(1)." *Id.* With respect to the second argument, the Court held that the regulations did not affect pre-existing contracts in such a way as to violate the fifth amendment. *Id.* at 441–442. Accordingly, the Court held that Colonial Penn was not entitled to the injunctive and declaratory relief it had sought.

To the extent that language in *Colonial Penn* suggests that no-fault insurers are not liable to insureds eligible for Medicare benefits with respect to services rendered to them on or prior to June 6, 1983, I respectfully regard such language as *obiter dicta.* Colonial Penn did not seek such a declaration and the Court was not required to make such an adjudication in order to reach its conclusion that the ORA regulations could be applied to pre-existing insurance policies.

Plaintiff's motion will be granted and defendant's motion will be denied.

### ORDER

AND NOW, this 20th day of May, 1993, upon consideration of the parties' Cross–Motions for Summary Judgment, it is hereby ORDERED that:

1. Plaintiff's Motion for Summary Judgment is GRANTED.

2. Defendant's Motion for Summary Judgment is DENIED.

3. Judgment hereby is entered in favor of Plaintiff, Helen Wheeler, and against Defendant, Travelers Insurance Company, in the amount of $21,947.15, together with interest at the rate of 18% per annum, not compounded, from December 11, 1983.

---

**3.** *Collins v. Allstate Indemnity Co.,* —— Pa.Super. ——, —— A.2d ——, 1993 WL 139801 1993 Pa.Super. LEXIS 1453 (Pa.Super.Ct. May 5, 1993). Those cases and the present action were removed by defendants from the Court of Common Pleas of Philadelphia County to this Court; thereafter all of them except the present claim of Wheeler against Travelers were remanded.